UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| ZHAOQIN CHEN,<br><br>Petitioner,<br><br>v.<br><br>MARCELLO VILLEGAS, et al.,<br><br>Respondents. | No. 1:26-CV-288-H |

**ORDER**

Zhaoqin Chen was admitted to the United States in 2023 as a nonimmigrant visitor. Dkt. No. 9 at 2. After remaining in the country beyond the authorized period, Chen was taken into ICE custody pending her removal proceedings and detained pursuant to 8 U.S.C. § 1226. *Id.* Chen was afforded a bond hearing, during which the Immigration Judge determined that she was a flight risk. *Id.* Chen requested a second bond hearing, which was denied due to the lack of material change in circumstances. *Id.* at 2–3. She has been detained without bond ever since. Dkt. No. 1 ¶ 31. Before the Court is Chen's habeas petition, which demands her immediate release based on the APA and the Fifth Amendment. Dkt. No. 1.

The Court has carefully considered the factual allegations and legal contentions raised in the petition, and it has determined that the INA strips the Court of jurisdiction over Chen's claims because he challenges only the immigration judge's denial of bond. 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General . . . regarding the detention of any alien or the revocation or denial of bond or parole."); *see Loa-Herrera v. Trominski*, 231 F.3d 984, 991 (5th Cir. 2000).

Binding precedent dictates that Section 1226(e) does not bar "constitutional challenges to statutes authorizing the detention of aliens" or even certain statutory challenges to the government's detention authority. *Najera v. United States*, 926 F.3d 140, 143–44 (5th Cir. 2019) (first citing *Demore v. Kim*, 538 U.S. 510, 517 (2003); and then citing *Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2019) (plurality op.). But Chen does not raise a challenge to the statutes authorizing detention. Instead, she challenges the outcome of his bond hearing, which she states is contrary to Board of Immigration Appeals precedent. Dkt. No. 1 ¶ 21.

Because "[t]he decision to deny bond is not subject to judicial review," the Court concludes that Chen is not entitled to relief. *Atehortua Ortiz v. Warden, Eden Det. Ctr.*, No. 6:26-CV-045, 2026 WL 2295760, at *2 (N.D. Tex. July 20, 2026) (citing 8 U.S.C. § 1226(e)). The petition (Dkt. No. 1) is denied.

So ordered on September 9, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE